# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA                    **CASE NO. 9:18-CV-81276**

     Plaintiff,

v.

DANIELA DADURIAN,

     Defendant.

_____/

## JOINT PROPOSED JURY INSTRUCTIONS

The Parties submit this joint proposed jury instruction submission pursuant to the Court's Order of Requirements [DE 4] and oral pronouncement at the July 31, 2019 status conference in this case.  Agreed proposed instructions appear in 14-point font. Instructions proposed only by the plaintiff to which defendant objects shall be *italicized*. Instructions proposed only by the defendant to which the plaintiff objects are in **bold**.

The parties' proposed jury instructions begin on the page following the signature block.[1]

Respectfully submitted,

Counsel for the United States:

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

By:   /s/ John P. Nasta____
JOHN P. NASTA, JR.
Florida Bar #1004432
VALERIE G. PREISS
Trial Attorneys, Tax Division
U.S. Department of Justice

---

[1] Both parties are prepared to file written objections to the opposing party's proposed instructions, should the Court find them useful.

Post Office Box 14198
Washington, D.C.  20044
Telephone: (202) 307-6560 (Nasta)
           (202) 514-6475 (Preiss)
Facsimile:  (202) 514-9868
john.nasta@usdoj.gov
valerie.g.preiss@usdoj.gov

Of Counsel:
ARIANA FAJARDO ORSHAN
United States Attorney

Counsel for Defendant:

MARCUS NEIMAN & RASHBAUM LLP

By:    /s/ Jeffrey A. Neiman
       JEFFREY A. NEIMAN
       Fla. Bar No. 544469
       DERICK VOLLRATH
       Fla. Bar No. 126740
       100 Southeast Third Avenue, Suite 805
       Ft. Lauderdale, Florida 33394
       Telephone:  (954) 462-1200
       jneiman@mnrlawfirm.com
       dvollrath@mnrlawfirm.com

### CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on the 12th day of August 2019, the Joint Proposed Jury Instructions

was filed with the Clerk of the Court by using the CM/ECF system, which will cause the

foregoing to be sent electronically to counsel of record registered with the CM/ECF system,

including counsel for the defendant at jneiman@mnrlawfirm.com and

dvollrath@mnrlawfirm.com.

The foregoing was also sent by e-mail in Word format to rosenberg@flsd.uscourts.gov.

                        /s/ Valerie G. Preiss
                        VALERIE G. PREISS

<u>PRELIMINARY JURY INSTRUCTIONS</u>

**Preliminary 1. General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

<u>The jury's duty:</u>

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence:</u>

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- · the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- · the witness's memory;

- · the witness's manner while testifying;

- · any interest the witness has in the outcome of the case;

- · any bias or prejudice the witness may have;

- · any other evidence that contradicts the witness's testimony;

- · the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, the United States of America, claims the Defendant, Daniela Daduria, is liable to the United States for a penalty for willfully failing to report the existence of foreign bank accounts that she had a financial interest in, signature authority over, or other authority over from 2007 through 2010.

Daniela Dadurian denies the Government's claims because she claims that she did not act willfully.

**Whether Dr. Dadurian had a financial interest in these accounts or whether she had some other authority over the accounts is also expected to be an important issue in this case for you to decide.**

**Source:**

Eleventh Circuit Civil Pattern Jury Instruction 1.1—General Preliminary Instruction.

**Preliminary 2. Burden of Proof — Preponderance of Evidence**

The Government has the burden of proving its case by what the law calls a "preponderance of the evidence." That means the Government must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring the Government and the evidence favoring Dr. Dadurian on opposite sides of balancing scales, the Government needs to make the scales tip to its side. If the Government fails to meet this burden, you must find in favor of Dr. Dadurian.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

**Sources:**

Eleventh Circuit Civil Pattern Jury Instruction 1.1—General Preliminary Instruction.

**Preliminary 3. Conduct of the Jury**

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your

decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Government will present its witnesses and ask them questions. After the Government questions the witness, Dr. Dadurian may ask the witness questions – this is called "cross-examining" the witness. Then Dr. Dadurian may present her witnesses, and the Government may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**Source:**

Eleventh Circuit Civil Pattern Jury Instruction 1.1—General Preliminary Instruction (reference to "MySpace" removed; changed to state Defendant "may" rather than "will" present witnesses).

**Preliminary 4. Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement

is called a stipulation. You must treat these facts as proved for this case.

**Source:**

Eleventh Circuit Civil Pattern Jury Instruction 2.1—Stipulation

_Preliminary 6. Complaint Allegations that the Defendant Admitted Are True._

The United States filed a document called a Complaint to initiate this lawsuit. Daniela Dadurian filed an Answer that admitted or denied the allegations in the complaint. You must treat any allegation in the Complaint that Daniela Dadurian admitted as true for this case.

_Source_

Fed. R. Civ. P. 8; Cooper v. Meridian Yachts. Ltd., 575 F.3d 1151, 1177-78 (11th Cir. 2009) (Factual admissions in pleadings are judicial admissions, binding upon the parties that make them. "[F]acts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them."); Best Canvas Prods. & Supplies. Inc. v. Ploof Truck Lines. Inc., 713 F.2d 618. 621 (11th Cir. 1983); Lofton v. Kearney, 157 F. Supp.2d 1372, 1375 n. 3 (S.D. Fla. 2001); Chick-fil-A, Inc. v. CFT Dev., LLC, 652 F. Supp.2d 1252, 1260 (M.D. Fla. 2009).

**Preliminary 5. Interrogatories**

You'll now hear/You've heard answers that Daniela Dadurian gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, Daniela Dadurian gave the answers in writing while under oath.

You must consider Daniela Dadurian's answers to interrogatories as though Dadurian gave the answers on the witness stand. **You may also consider any explanation or context for her interrogatory responses that Dr. Dadurian gave on the witness stand.**

**Source:**

Eleventh Circuit Civil Pattern Jury Instruction 2.6—Interrogatories. (**bolded portion not part of pattern instruction, but it logically follows from a witness's ability to explain prior testimony given on the witness stand in response to subsequent questions**).

## FINAL JURY INSTRUCTIONS

**Final 1. Introduction**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**Source:**

Eleventh Circuit Pattern Jury Instruction 3.1

**Final 2. The Duty to Follow Instructions**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

**Source:**

Eleventh Circuit Civil Pattern Jury Instruction 3.2.3—The Duty to Follow Instructions—Government Entity or Agency Involved.

**Final 3. Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court.**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Source:** Eleventh Circuit Civil Pattern Jury Instructions 3.3—Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court.

**Final 4. Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Source:**

Eleventh Circuit Civil Pattern Jury Instruction 3.4—Credibility of Witnesses.

**Final 5. Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Source:**

Eleventh Circuit Civil Pattern Jury Instruction 3.5.1—Impeachment of Witnesses Because of Inconsistent Statements

**Final 6. Responsibility for Proof – Plaintiff's Claims– Preponderance of Evidence**

In this case it is the responsibility of the Government to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Government's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Government's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

**Source:**

Eleventh Circuit Pattern Jury Instruction 3.7.1

**Final 7. Duty to Deliberate**

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Source:**

Eleventh Circuit Civil Pattern Jury Instruction 3.8.2—Duty to Deliberate.

**Final 8. Legal Background**—*Requirement to Report Foreign Financial Accounts*

*To help you understand the context in which the United States is seeking penalties against Daniela Dadurian, I need to provide you with some background regarding the reporting requirement at issue in this case.*

*United States citizens and residents are subject to taxes on their worldwide income, regardless of where it is earned.  To ensure compliance with that requirement, certain Taxpayers must annually disclose to the federal government if they hold a financial account in a foreign country.  Those who must disclose such accounts are required to do so by filing a Form TD F 90-22.1, commonly known as an "FBAR," which stands for a Report of Foreign Bank and Financial Accounts.*

*If at any time during a calendar year a taxpayer has a financial interest in, or signature or other authority over one or more financial accounts in a foreign country with a total balance exceeding $10,000, the taxpayer must file an FBAR with the Department of the Treasury by June 30 of the following year.  This filing requirement is a separate and additional obligation on top of filing a federal income tax return.*

*Sources:*

*26 U.S.C. § 61(a)*
*26 C.F.R. § 1.1-1(b)*
*31 U.S.C. § 5314*
*31 C.F.R. §§ 103.24 and 103.27(c) (1989-2011)*
*31 C.F.R. § 1010.350*

**Final 8. Legal Background -- A Taxpayer's Requirement to Report an Interest in Foreign Financial Accounts.**

To help you understand the context in which the Government seeks penalties against Dr. Dadurian, I will provide you with some background regarding the reporting requirements at issue.

Certain individuals within the United States are required to annually submit a report to the federal government if they have an interest in a financial account in a foreign country. At the time relevant to this case, those who must have disclosed such accounts were required to do so by filing a Form TD F 90–22.1, commonly known as an "FBAR" form.

If at any time during a calendar year one of these individuals has a financial interest in, or signature or other authority over, financial account(s) in a foreign country with aggregate balances exceeding $10,000, he must ordinarily file an FBAR with the Treasury Department by June 30 of the following year. However, that deadline may be extended by notices appearing in an IRS bulletin.

**Source:**

**31 U.S.C. § 5314; 31 C.F.R. § 103.24 and § 103.27**

**Final 9. Substantive Instruction: Willful Failure to File FBAR**

The Government brings four separate claims that Dr. Dadurian willfully failed to file an FBAR form. The Government claims that Dr. Dadurian willfully failed to file an FBAR form for each of Tax Years 2007, 2008, 2009, and 2010.

To prevail upon its claims, the Government must prove by a preponderance of the evidence the following elements with respect to each:

*First*, that at the time of her reporting obligation, Dr. Dadurian was a "U.S. Person."

*Second*, that for the given Tax Year, Dr. Dadurian had a reportable relationship to the foreign accounts. For the purposes of this element, "Tax Year" means the same thing as a calendar year;

*Third*, the foreign accounts over which Dr. Dadurian had an interest in or authority over had an aggregate balance of $10,000 or more.

*Fourth*, that Dr. Dadurian willfully failed to file an FBAR form on the date it was due.

You must evaluate each of these elements with respect to each of Tax Years 2007, 2008, 2009, and 2010, and—concerning to the second and fourth elements—with respect to each account.

To assist you in evaluating these elements, I will now provide you with some further explanation.

Concerning the <u>first</u> element, Dr. Dadurian acknowledges that she was a "U.S. Person" during each of Tax Years 2007, 2008, 2009, and 2010 because she had become a U.S. Citizen by this time. You may therefore consider this element proven with respect to each of these tax years.

- 23 -

Concerning the **second** element, there are two kinds of reportable account relationships relevant to this case. Doctor Dadurian contends that—concerning many of the accounts—she had a reportable relationship to the accounts only because she had signature authority over it due to her power of attorney over her mother. Such a relationship is called a "Part IV" relationship because it should be disclosed on Part IV of an FBAR form. Direct financial interests in accounts, on the other hand should be disclosed on Part II of the FBAR form.

This difference matters, members of the jury, because the IRS published several notices extending the deadline to report Part IV relationships to accounts for *all* of Tax Years 2008, 2009, and 2010. These Notices extended the reporting deadline to November 1, 2011. However, these notices still required Taxpayers to report Part II relationships by the ordinary deadline of June 30 of the following calendar year.

With respect to the fourth element, "willfulness" means an intentional violation of a known legal duty. Dr. Dadurian did not act "willfully" within the meaning of these instructions if she acted in good faith and if she relied on professional advice in making her decisions. She also did not act "willfully" if she did not know she was required to file an FBAR form, either because she did not know the law or because she did not know of the accounts.

Source:

Re basic elements of an FBAR violation:
*United States v. Pomerantz*, Case No. C16-689 MJP, 2017 WL 4418572, at *2 (W.D. Wash. Oct. 5, 2017).
Re Part IV/Part II Distinction:
Forms TD 90-22.1 and Instructions
Re different deadlines for Part IV and Part II relationships::
IRS Bulletin 2009-35 (containing IRS Notice 2009-62); IRS Bulletin 2010-11 (containing IRS Notice 2010-23); IRS Bulletin 2011-54 (containing IRS Notice 2011-54)

<u>Re willfulness:</u>

*United States v. $24,900 in U.S. Currency*, 770 F.2d 1530 (11th Cir. 1985) (observing that in the context of a civil violation for another section of the BSA—of which the FBAR penalty is a part—"willfulness" means an intentional violation of a known legal duty).

*United States v. Pomerantz*, 2017 WL 4418572, at *3 (W.D. Wash. Oct. 5, 2017) (Civil FBAR case) ("Generally, a 'willful' failure for purposes of the Bank Secrecy Act is an 'intentional violation of a known legal duty to report.' (citing *Ratzlaf v. United States*, 510 U.S. 135, 154 n.5 (1994); and IRC CCA 200603026, 2006 WL 148700, at *1–2 (Jan. 20, 2006)).

*United States v. Flume*, Case No. 5:16-CV-73, 2018 WL 4378161, at *9 (S.D. Tex. Aug. 22, 2018) (finding reliance on professional advice negates willfulness in for the purposes of civil FBAR willfulness).

*Ratzlaf v. United States*, 510 U.S. 135 (1994) (defining "willful" in the context of a criminal violation of a structuring provision of the Bank Secrecy Act as "voluntary intentional violation of a known legal duty.")

*Final 9. Ultimate Issue on the United States' Claim; What Issues the Jury Is To Decide*

The parties agree that for the years at issue in this case, 2007 through 2010, Daniela Dadurian was required to file an FBAR reporting her financial interest in, signatory authority over, or other authority over one or more foreign bank accounts, but failed to do so in a timely fashion.

The Internal Revenue Service determined that Defendant Dadurian's failure to timely file FBARs for 2007, 2008, 2009, and 2010 was willful and therefore imposed penalties for a willful failure to file. The issue for you to decide is whether the government has proven by a preponderance of the evidence that Dadurian's failure to file an FBAR for each of these years was willful. The law requires me to decide whether the amount of the penalty is appropriate, so the size of the penalty should not be part of your consideration.

*Sources:*

31 U.S.C. § 5321; *United States v. Williams,* No. 09-437, 2014 WL 3746497, at *1 (E.D. Va. June 26, 2014). *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1288 (11th Cir. 2019) (quoting *Motor Veh. Mfrs. Ass'n of U.S. Inc. v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 43 (1983)).

*Final 10. Penalties for failing to file a Required FBAR*

　　*A person who must file an FBAR but fails to timely do so may be subject to civil penalties. Under the statute, a separate penalty may apply for each violation.  In other words, a taxpayer may be liable for a separate penalty for each account every year he or she fails to file an FBAR. The penalties are larger if the person willfully failed to file the FBAR.  I'll explain what "willfully" means in a moment.*

*Sources:*

31 U.S.C. § 5321(a)(5)(B)(i)
31 U.S.C. § 5321(a)(5)(B)(ii)

*Final 11. Definition of Willfulness.*

     *Willfulness is conduct that is voluntary, rather than accidental or unconscious. Because willfulness is a state of mind, you can find willfulness by drawing reasonable inferences from the available facts. For example, you can infer willfulness from conduct meant to conceal sources of funds or other financial information.*

*Sources:*

*Bedrosian v. United States*, 912 F.3d 144, 152 (3d Cir. 2018)
*United States v. Williams,* 489 Fed. Appx. 655, 658 (4th Cir. 2012)
*Lefcourt v. United States*, 125 F.3d 79, 83 (2d Cir. 1997)
*United States v. Sturman,* 951 F.2d 1466, 1476 (6th Cir. 1991)
*United States v. Bank of New England, N.A.*, 821 F.2d 844, 855 (1st Cir. 1987)
*United States v. Rum*, No. 8:17-cv-00826-MSS-AEP (M.D. Fla. Aug. 2. 2019) (DE 71), slip op. at 17 (Report and Recommendation).
*United States v. McBride*, 908 F. Supp. 2d 1186, 1205 (D. Utah 2012)
*United States v. Bohanec*, 263 F. Supp. 3d 881, 890 (C.D. Cal. 2016)
*Safeco Ins. Co. of Amer. V. Burr*, 551 U.S. 47, 48 (1947)

*Final 12. Knowledge of Wrongdoing Unnecessary to Establish Willfulness.*

  *To establish willfulness, the United States does not have to prove that Dr. Dadurian knew she was acting wrongly.  An improper motive or bad purpose is not necessary.*

  *Similarly, to establish willfulness, the United States does not need to prove that Dr. Dadurian actually knew of the specific reporting requirements she violated.*

  *The relevant inquiry for willfulness is whether the failure to disclose the required information itself was purposeful, rather than inadvertent.*

*Sources:*

*Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 58 n.9 (2007)*
*Lefcourt v. United States, 125 F.3d 79, 83 (2d Cir. 1997)*
*American Arms Int'l v. Herbert, 563 F.3d 78, 83 (4th Cir. 2009)*
*United States v. Bohanec, 263 F. Supp. 3d 881, 888 (C.D. Cal. 2016)*
*United States v. McBride, 908 F. Supp. 2d 1186, 1204 (D. Utah 2012)*
*United States v. Rum, No. 8:17-cv-00826-MSS-AEP (M.D. Fla. Aug. 2. 2019) (DE 71), slip op. at 17 (Report and Recommendation).*

*Final 13. Knowledge of Reporting Requirements.*

The United States does not have to prove that Dr. Dadurian actually knew of the FBAR reporting requirements at issue.  If you find that she did actually know of the reporting requirements, you may take that into account when deciding whether Dr. Dadurian acted willfully.  In addition, if the government shows that Dr. Dadurian had information that would normally have led a reasonably careful person in her circumstances to inquire about whether she had a filing requirement, you may consider Dr. Dadurian to have knowledge of the filing requirement, just as if she had actually made the inquiry and learned the answer.

*Sources:*

United States v. Williams, 489 Fed. App'x. 655, 659 (4th Cir. 2012)
Greer v. Comm'r, 595 F.3d 338, 347 n. 4 (6th Cir. 2010)
United States v. Sturman, 951 F.2d 1466, 1476-77 (6th Cir. 1991)
United States v. McBride, 908 F. Supp. 2d 1186, 1207 (D. Utah 2012)
Hayman v. Comm'r, 992 F.2d 1256, 1262 (2d Cir. 1993)
United States v. Horowitz, 361 F. Supp. 3d 511, 529 (D. Md. 2019), *appeal docketed*, No. 19-1280 (4th Cir. Mar. 15, 2019)
Kimble v. United States, 141 Fed. Cl. 373, 386 (2018), *appeal docketed*, No. 19-1590 (Fed. Cir. Feb. 26, 2019))
United States v. Brandt, No. 17-80671-DMM, 2018 WL 1121466, at *4 (S.D. Fla. Jan. 24, 2018)

*Final 14. Willfulness Can Be Proven Through Recklessness*

The United States can establish Dr. Dadurian willfully failed to comply with her FBAR reporting requirements if she acted with reckless disregard of her legal duties, as opposed to acts that she actually knew violated the reporting requirements.

In other words, you should consider Dr. Dadurian's failure to comply with the FBAR reporting requirements to be willful if you find that there was an unjustifiable risk that she should have known that her filing requirements were not being met and she was in a position to find out for certain.

*Sources*:

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007)
*Bedrosian v. United States*, 912 F.3d 144, 153 (3d Cir. 2018)
*United States v. Williams*, 489 Fed. App'x. 655, 658-59 (4th Cir. 2012)
*United States v. McBride*, 908 F. Supp. 2d 1186, 1204 (D. Utah 2012)
*United States v. Dadurian*, No. 18-8127-RLR, 2019 WL 2577921, *2 (S.D. Fla. June 24, 2019)
*United States v. Flume*, No. 16-73-DS, 2019 WL 2807386, *6 (S.D. Tex. June 11, 2019)
*United States v. Rum*, No. 8:17-cv-00826-MSS-AEP (M.D. Fla. Aug. 2. 2019) (DE 71), slip op. at 17 (Report and Recommendation).

*Final 15. Willfulness Can Be Proven Through Willful Blindness.*

The United States can also establish that Daniela Dadurian's conduct was willful by showing that she was "willfully blind." In order to demonstrate willful blindness, Dr. Dadurian must have subjectively believed that there was a high probability that she had an FBAR reporting requirement and she must have taken deliberate actions to avoid learning of that fact. Evidence that a person signed his or her tax return without reading it, combined with answering no to question 7a on Schedule B of the tax return is evidence of willful blindness.

Sources:

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766-67 (2011)
*United States v. Williams*, 489 Fed. App'x. 655, 659-60 (4th Cir. 2012)
*United States v. McBride*, 908 F. Supp. 2d 1186, 1204 (D. Utah 2012)
*United States v. Dadurian*, No. 18-8127-RLR, 2019 WL 2577921, *2 (S.D. Fla. June 24, 2019)
*United States v. Flume*, No. 16-73-DS, 2019 WL 2807386, *6 (S.D. Tex. June 11, 2019)
*Kimble v. United States*, 141 Fed. Cl. 373, 385–86 (2018).
*United States v. Rum*, No. 8:17-cv-00826-MSS-AEP (M.D. Fla. Aug. 2. 2019) (DE 71), slip op. at 17 (Report and Recommendation).

*Final 16. "Reasonable Cause" is Not a Defense to Willful Conduct*

If the United States proves that Daniela Dadurian acted willfully, Dadurian may not claim as a defense, and you shall not consider, that she relied upon the advice she received from accountants, lawyers, or other professionals.

*Source*: 31 U.S.C. § 5321(a)(5)(B)(ii)

_Final 17. Failure to Read Before Signing Documents_

> _A person who signs his or her tax return is responsible for knowing all of the information in the tax return, whether or not he or she read the tax return._

_Source_:

_United States v. Williams_, 489 Fed.Appx. 655, 659 (4th Cir. 2012) (quoting _Greer v. Comm'r of Internal Revenue_, 595 F.3d 338, 347 n.4 (6th Cir. 2010)) (finding that taxpayer willfully violated the FBAR reporting requirement).

_United States v. Sturman_, 951 F.2d 1466, 1476–77 (6th Cir. 1991).

_United States v. Rum_, No. 8:17-cv-00826-MSS-AEP (M.D. Fla. Aug. 2. 2019) (DE 71), slip op. at 17-18 (Report and Recommendation.

**Final 18. Election of Foreperson; Explanation of Verdict Form. [Pattern Instruction]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Source:** Eleventh Circuit Civil Pattern Jury Instruction 3.9—Election of Foreperson; Explanation of Verdict Form.