UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-81276-ROSENBERG/REINHART

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIELA DADURIAN,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50

Defendant files this Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(a). Rule 50(a)(2) requires that "[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment."

## STANDARD

Rule 50 states that a Court may enter judgment as a matter of law—

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Because the Government has failed to come forward with evidence sufficient to permit a rational fact finder to conclude that the Government has met its burden with respect to its prima facia case.

## **ARGUMENT**

To prove a willful FBAR violation such as the one they seek here, the Government must prove by a preponderance of the evidence that the Defendant acted willfully. *Bedrosian v. United States*, 912 F.3d 144 (3rd Cir. 2018) provides the proper definition of willfulness in the FBAR context. The court's jury instructions read:

> Willfulness is conduct that is voluntary, rather than accidental or unconscious. Willfulness covers not only knowing violations, but reckless ones as well. A person commits a reckless violation of the FBAR statute by engaging in conduct entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known. A person recklessly—and therefore willfully—fails to comply with a filing requirement when he or she (1) clearly ought to have known that (2) there was a grave risk that the filing requirement was not being met and if (3) he or she was in a position to find out very easily.

The Government has failed to submit sufficient evidence either that Daniela "clearly ought to have known" of the risk that her FBAR filing requirement was not being met and that she was in a position to find out very easily.

Here, no reasonable jury could conclude from the evidence presented that Defendant was in a position to find out about her reporting requirement "very easily." Rather, the evidence has shown that it was very difficult for Defendant or anyone else for that matter to conclusively determine whether someone in her cicumstances had an obligation to file an FBAR form. When Defendant ultimately hired recommended tax attorneys at a top-shelf law firm and great personal expense, and provided that lawyer with information as reflected in Defendant's Exhibit 36, and that attorney got Defendant's obligations dead wrong.

Further, the Government has not produced evidence that Defendant clearly ought to have known of a grave risk that the reporting requirement was not bring met.

WHEREFORE, Defendant Daniela respectfully requests this Court enter judgment in her favor on the Government's claims.

Dated: August 22, 2019

Respectfully Submitted,

By: /s/ Jeffrey A. Neiman
**Jeffrey A. Neiman**
Fla. Bar No. 544469
**Derick Vollrath**
Fla. Bar No. 126740

MARCUS NEIMAN & RASHBAUM, LLP
100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, Florida 33394
Telephone: (954) 462-1200
jneiman@mnrlawfirm.com
dvollrath@mnrlawfirm.com

## CERTIFICATE OF SERVICE

I certify that on this day I caused the foregoing document to be filed electronically through the Southern District of Florida's CM/ECF system, which has caused electronic service to be made upon all counsel and parties of record.

/s/ Derick R. Vollrath