**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:18-CV-81276-ROSENBERG/REINHART**

UNITED STATES OF AMERICA,

  Plaintiff,

v.

DANIELA DADURIAN,

  Defendant.
_____/

<u>JURY INSTRUCTIONS</u>

**Introduction**

  Members of the jury:

  It's my duty to instruct you on the rules of law that you must use in deciding this case.

  When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**The Duty to Follow Instructions**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Responsibility for Proof – Plaintiff's Claim– Preponderance of Evidence**

In this case it is the responsibility of the United States to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the United States' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the United States.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the United States' claim by a preponderance of the evidence, you should find for Dr. Dadurian as to that claim.

**Duty to Deliberate**

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Legal Background—Requirement to Report Foreign Financial Accounts**

To help you understand the context in which the United States is seeking penalties against Daniela Dadurian, I need to provide you with some background regarding the reporting requirement at issue in this case.

United States citizens and residents are subject to taxes on their worldwide income, regardless of where it is earned. To ensure compliance with that requirement, certain Taxpayers must annually disclose to the federal government if they hold a financial account in a foreign country. Those who must disclose such accounts are required to do so by filing a Form TD F 90-22.1, commonly known as an "FBAR," which stands for a Report of Foreign Bank and Financial Accounts.

If at any time during a calendar year a taxpayer has a financial interest in, or signature or other authority over one or more financial accounts in a foreign country with a total balance exceeding $10,000, the taxpayer must file an FBAR with the Department of the Treasury by June 30 of the following year. For the years 2007, 2008, and 2009, the IRS extended this deadline for persons who had signature or other authority over but no financial interest in foreign financial accounts. The IRS extended this deadline to November 1, 2011. The FBAR filing requirement is a separate and additional obligation on top of filing a federal income tax return.

A person who must file an FBAR but fails to timely do so may be subject to civil penalties. Under the statute, a separate penalty may apply for each violation. In

other words, a taxpayer may be liable for a separate penalty for each account every year he or she fails to file an FBAR. The penalties are larger if the person willfully failed to file the FBAR.

**What Issues the Jury Is To Decide**

The United States claims that Dr. Dadurian willfully failed to report her relationship to foreign financial accounts on FBAR forms that she was required to file for the Tax Years 2007, 2008, 2009, and 2010.

There are four elements the United States must prove by a preponderance of the evidence with respect to each account for each Tax Year*:*

First, that at the time of her reporting obligation, Dr. Dadurian was a "U.S. Person."

Second, that Dr. Dadurian had a financial interest in, or signature or other authority over the account.

Third, the foreign accounts over which Dr. Dadurian had a financial interest in or signature or other authority over had an aggregate balance of $10,000 or more during the tax years 2007, 2008, 2009, and 2010.

Fourth, that Dr. Dadurian willfully failed to report her relationship to the foreign financial account during the given Tax Year on an FBAR form by the date that report was due.

The law requires me to decide whether the amount of any penalty is appropriate, so the size of any penalty should not be part of your consideration.

You must evaluate each of these elements with respect to each account for each of Tax Years 2007, 2008, 2009, and 2010.

To assist you in evaluating these elements, I will now provide you with some further explanation.

With respect to the <u>first</u> element, the Parties agree that it is not disputed in this case, and you are to consider this element proven for all years.

With respect to the <u>second</u> element, you will determine if Dr. Dadurian had a "financial interest" in each account or if she merely had "signature or other authority over" the accounts. Financial interests are reported on "Part II" of an FBAR form. Mere "signature or other authority over" an account is reported on "Part IV" of an FBAR form.

You should find that Dr. Dadurian had a "financial interest" in an account if you find any one of the following three numbered paragraphs with respect to that account and for that Tax Year.

    1.    Dr. Dadurian was the owner of record or had legal title <u>of the account</u>, whether the account was maintained for her own benefit or for the benefit of others including non-United States persons.

    2.    The owner of record or holder of legal title <u>of the account</u> was:

    (a) a person acting as an agent, nominee, attorney, or in some other capacity on behalf of Dr. Dadurian;

(b) a corporation in which Dr. Dadurian owned directly or indirectly more than 50 percent of the total value of shares of stock or more than 50 percent of the voting power for all shares of stock; or

(c) a trust in which Dr. Dadurian either had a present beneficial interest, either directly or indirectly, in more than 50 percent of the assets or from which Dr. Dadurian received more than 50% current income.

3. The owner of record or holder of legal title <u>of the account</u> is a trust, or a person acting on behalf of a trust, that was established by Dr. Dadurian and for which a trust protector has been appointed. A trust protector is a person who is responsible for monitoring the activities of a trustee, with the authority to influence the decisions of the trustee or to replace, or recommend the replacement of, the trustee.

Dr. Dadurian had "signature or other authority" over an account if she could control the disposition of money or other property in it by delivery of a document containing her signature (or her signature and that of one or more other persons) to the bank or other person with whom the account is maintained. Dr. Dadurian had "other authority" if she could exercise comparable power over an account by communication with the bank or other person with whom the account is maintained, either directly or through an agent, nominee, attorney, or in some other capacity, either orally or by some other means.

With respect to the third element, the Parties agree that it is not disputed in this case, and you are to consider this element proven for all years.

With respect to the fourth element, you will determine whether Dr. Dadurian's failure to report her relationships by filing an FBAR on time was willful. You will do this for each account for each year.

Willfulness is conduct that is voluntary, rather than accidental or unconscious. Because willfulness is a state of mind, you can find willfulness by drawing reasonable inferences from the available facts.

To establish willfulness, the United States does not have to prove that Dr. Dadurian knew she was acting wrongly. An improper motive or bad purpose is not necessary. Similarly, to establish willfulness, the United States does not need to prove that Dr. Dadurian actually knew of the specific reporting requirements she violated. If you find that Dr. Dadurian did actually know of the reporting requirements, you may take that into account when deciding whether Dr. Dadurian acted willfully.

Willfulness covers not only knowing violations, but reckless ones as well. A person commits a reckless violation of the FBAR statute by engaging in conduct entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known. A person recklessly—and therefore willfully—fails to comply with a filing requirement when he or she (1) clearly ought to have known that

(2) there was a grave risk that the filing requirement was not being met and if (3) he or she was in a position to find out very easily.

The United States can also establish that Daniela Dadurian's conduct was willful by showing that she was "willfully blind." In order to demonstrate willful blindness, Dr. Dadurian must have subjectively believed that there was a high probability that she had an FBAR reporting requirement and she must have taken deliberate actions to avoid learning of that fact.

With further respect to the fourth element, you are to consider whether Dr. Dadurian willfully failed to report her relationship on an FBAR by the date that the report was due. Ordinarily, an FBAR form is due on June 30 of the year following the Tax Year at issue. For Tax Years 2007, 2008, and 2009, the deadline for reporting signature or other authority over but no financial interest in a foreign financial account on an FBAR form was extended to November 1, 2011. For Tax Years 2007, 2008, and 2009, the deadline for reporting a financial interest in a foreign financial account remained June 30 of the year following the Tax Year at issue. For Tax Year 2010, the deadline for reporting any relationship on an FBAR form was June 30, 2011.

**Election of Foreperson; Explanation of Verdict Form.**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.